ABG PROMOTIONS, Appellee,

v.

PARKWAY PUBLISHING,
INC., Appellant.

Superior Court of Pennsylvania.

Argued June 23, 2003.

Filed Oct. 9, 2003.

Joseph V. Cardona, Philadelphia, for appellee.

Alan J. Davis, Philadelphia, amicus curiae.

BEFORE: DEL SOLE, P.J., JOHNSON, HUDOCK, MUSMANNO, LALLY–GREEN, KLEIN, BENDER, BOWES, and GRACI, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Parkway Publishing, Inc. ("Parkway"), appeals from the order dated September 17, 2001, denying Appellant's Petition to Open a default judgment. We reverse and remand.

¶ 2 The background of the case is as follows. On December 18, 2000, ABG Promotions ("ABG") filed a Statement of Claim in the Philadelphia Municipal Court against Parkway and Cashman & Malin Partners ("Cashman"). This claim pertained to agreements arising out of the

Philly Gold Awards Show, which occurred on April 12, 2000.

¶ 3 The Municipal Court held a hearing on February 6, 2001. Parkway's representative did not attend. The Municipal Court found Cashman and Parkway jointly and severally liable to ABG in the amount of $3,050.02.[1] The court issued the judgment against Parkway by default.

¶ 4 On February 28, 2001, Parkway filed a Petition to Open the default judgment entered against it. The Honorable Morton Krase denied the Petition to Open on April 11, 2001.

¶ 5 Parkway then appealed this decision to the Court of Common Pleas of Philadelphia County, in accordance with Phila. C.P.R. 313. On September 17, 2001, the trial court affirmed the decision of the Municipal Court. The trial court concluded that the Municipal Court did not abuse its discretion in denying the Petition to Open. This appeal followed.[2]

¶ 6 Parkway raises three issues on appeal:

1) Whether Appellant's Petition to Open a Default Judgment Raised a Meritorious Defense of Privity of Contract?

2) Whether Appellant's excuse for failing to appear because of a major snowstorm was reasonable?

3) Do Philadelphia Rules of Civil Procedure 310 and 313 violate Due Process and Equal Protection?

Parkway's Brief at 3.[3]

¶ 7 Our standard of review is as follows. "It is well settled that a petition to open a

---

1. Co-defendant Cashman then filed a cross-claim against Parkway. The court issued a judgment against Parkway in the amount of $1,675.89.

2. Parkway initially took its appeal to a three-judge panel of this Court. Parkway argued that Philadelphia Rules of Civil Procedure 310 and 313 violate due process and equal protection. Specifically, Parkway argued that the Philadelphia rules set forth a restrictive "abuse of discretion" standard for taking an appeal to the Court of Common Pleas, while other counties allow appeals de novo to the Court of Common Pleas. Parkway also argued that it was entitled to relief on the merits of the petition to open.

   In an Opinion filed on January 9, 2003, this Court vacated the order of the Court of Common Pleas, and remanded the case with instructions to permit an appeal to the Court of Common Pleas. ABG Promotions v. Parkway Publishing, 2003 PA Super 9. This Court reasoned that the relevant Philadelphia rules were inconsistent with controlling statewide rules, and therefore the Municipal Court lacked subject matter jurisdiction to entertain the petition to open. Id. at 10. The panel did not address Parkway's constitutional arguments, or its argument that it was entitled to relief on the merits.

   On January 23, 2003, ABG filed a timely Application for Reargument with this Court.

This Court subsequently granted ABG's Application for Reargument and withdrew the panel's opinion. In granting en banc review, this Court requested that the parties address the following issues in their briefs:

   (1) Whether Philadelphia County Rules violate due process and equal protection; and (2) Whether Philadelphia County Municipal Court Rule of Civil Procedure 124, as amended on March 28, 1996, is consistent with the District Justice Rule of Civil Procedure with respect to appeals to the Court of Common Pleas.

Order Granting Petition for Reargument, at 1.

3. Pursuant to Pa.R.A.P. 2140(a), Parkway re-filed the brief it previously submitted to this Court. Parkway's re-filed brief contains all three issues set forth above. Parkway also filed a Supplemental Brief, which addresses its third issue ("Do Philadelphia Rules of Civil Procedure 310 and 313 violate Due Process and Equal Protection?") in further detail.

   In contrast, ABG elected to file a substituted brief on Reargument. This substituted brief addressed only the issues that this Court ordered ABG to address. See, Pa.R.A.P. 2140(a) ("Following ... an order allowing reargument or reconsideration by any appellate court ... each party shall, within the time period specified below, either refile the

default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal." *Penn–Delco Sch. Dist. v. Bell Atlantic–Pa, Inc.*, 745 A.2d 14, 17 (Pa.Super.1999) (citation omitted), *appeal denied*, 568 Pa. 665, 795 A.2d 978 (2000). An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will. *Id.* (citation omitted).

¶ 8 To succeed on a Petition to Open a default judgment, a moving party must show: "(1) the petition to open or strike was promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim." *Castings Condominium Ass'n v. Klein*, 444 Pa.Super. 68, 663 A.2d 220, 223 (1995). Also, as a petition to open a default judgment is an appeal to the equitable powers of the court, "where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion." *Flynn v. Casa Di Bertacchi Corp.*, 449 Pa.Super. 606, 674 A.2d 1099, 1102 (1996) (citation omitted).

¶ 9 We now address Parkway's claim that the trial court abused its discretion in determining that Parkway failed to meet its burden of proof. *See, Castings Condominium Ass'n.* For clarity, we will address Parkway's issues in terms of the three-part test of *Castings Condominium Ass'n.* First, the parties do not dispute that Parkway timely filed its Petition to Open. N.T., 4/11/2001, at 11–12.

¶ 10 Second, Parkway argues that its failure to attend trial (and its default) can be reasonably explained or excused. Specifically, Parkway argues that a major overnight snowstorm prevented Parkway's representative from traveling to the Municipal Court on the morning of the hearing.

¶ 11 "Whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case." *Castings Condominium Ass'n*, 663 A.2d at 223–224 (citation omitted). Our Court has usually addressed the question of legitimate excuse in the context of an excuse for failure to make a timely filing. For example, a reasonable excuse for default existed where a petitioner failed to file a timely answer because his insurance company delayed processing his claim. *Duckson v. Wee Wheelers, Inc.*, 423 Pa.Super. 251, 620 A.2d 1206, 1210 (1993). *See also, Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971) (reasonable excuse for default existed where insurance company mishandled court documents); *Davis v. Burton*, 365 Pa.Super. 160, 529 A.2d 22 (1987) (discussing the difference between reasonable and unreasonable excuses for default where attorneys fail to file a timely answer to a complaint), *appeal denied*, 518 Pa. 655, 544 A.2d 1342 (1988).

¶ 12 This Court has also refused to find a reasonable excuse for default where the petitioner's counsel sent a letter to opposing counsel stating that the petitioner assumed the opponent would not seek a de-

---

brief previously filed together with a supplemental brief if desired, or prepare and file a substituted brief in accordance with this Rule").

As is discussed in detail in the text of this Opinion, *infra*, we will not reach the issues that this Court directed the parties to address on reargument because, upon closer review, we have determined that Parkway failed to raise them in the Municipal Court. *See*, Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.") The issues are waived.

fault judgment. *Castings Condominium Ass'n,* 663 A.2d at 224. *See also, McEvilly v. Tucci,* 239 Pa.Super. 474, 362 A.2d 259, 263 (1976) (finding no reasonable excuse where a party sent a letter to opposing counsel expressing the assumption that opposing counsel would not require a responsive pleading, and then "unjustifiably relied" on opposing counsel's lack of response).

¶ 13 Here, the record reflects that the Municipal Court accepted Parkway's excuse that a large snowfall prevented Parkway's representative from getting to court. N.T., 4/11/2001, at 38.[4] Nevertheless, the Municipal Court found that Parkway's excuse was unreasonable because: (1) no counsel appeared on behalf of Parkway to request a continuance; (2) the Municipal Court did not believe Parkway's claim that it contacted its counsel on the day of the hearing; (3) the Municipal Court remained open on the day of the snowstorm; and (4) the plaintiff (ABG) and the other defendant (Cashman) both appeared for the hearing.

¶ 14 The Municipal Court's reliance on these four reasons is misplaced. First, one of the purposes of the Municipal Court is to "establish an expeditious small claims procedure whereby it shall not be necessary for the litigants to obtain counsel." 42 Pa.C.S.A. § 1123(4). Parkway was, therefore, not required to be represented by counsel in Municipal Court. Indeed, Parkway had not retained counsel for the Municipal Court proceeding. N.T., 4/11/2001, at 30–31.[5] Thus, whether or not Parkway contacted its counsel on the day of the hearing, or whether Parkway's counsel appeared on its behalf to request a continuance, is not necessarily probative of whether the excuse is unreasonable.

¶ 15 Second, while the Municipal Court remained open and other parties and their lawyers appeared in court, these factors alone are not dispositive of whether Parkway's excuse was unreasonable. Parkway presented undisputed evidence that at least seven and one-half inches (7.5″) of snow fell in the neighborhood of Parkway's representative, and that schools in that area closed because of the snow. N.T., 4/11/2001, at 38. On the other hand, evidence shows that no more than two inches of snow fell in the immediate vicinity of the court and near the residences of the other parties or their counsel. N.T., 4/11/2001 at 29–30, 33.

¶ 16 In Parkway's case, it does not appear from the record or the Municipal Court's findings of fact that Parkway's failure to appear at trial was the result of dilatoriness, negligence, unjustifiable reliance or a deliberate decision not to defend itself. Rather, the record reflects that Parkway's representative's failure to attend was the result of winter weather well beyond his control. Since the record reflects that the excuse for the default was reasonable, the Municipal Court abused its discretion by finding that Parkway lacked a reasonable excuse for the default. *Castings Condominium Ass'n.*

¶ 17 We next address Parkway's argument that it raised a meritorious de-

4. In the Municipal Court Hearing, Judge Krase said: "I believe him [Parkway's representative] when he says he couldn't get in." *Id.*

5. It appears from the record that Parkway's representative, Sheldon Shorr, attempted to ask his attorney for advice about how to handle the situation with the snowstorm. N.T., 4/11/2001, at 30–31. He called his attorney early in the morning, but only managed to leave a voice message. *Id.* at 26. Nevertheless, Mr. Shorr testified unequivocally that he was "defending [himself] that day" and "wasn't gonna have representation" at the hearing. *Id.*

fense. The condition that a petition to open a default judgment must include a meritorious defense requires only that "a defense must be pleaded that if proved at trial would justify relief." *Penn–Delco School*, 745 A.2d at 19 n. 7 (citation omitted).

¶ 18 Parkway argues that it had no contractual obligation of any sort to either ABG or Cashman. Specifically, Parkway argues that: (1) the only contract in this case existed between ABG and Cashman; and (2) Parkway should be seen as a third-party beneficiary of that contract, rather than as a guarantor of Cashman's performance. "It is a well established principle of law that a contract cannot impose obligations on one who is not a party to the contract." *Juniata Valley Bank v. Martin Oil Co.*, 736 A.2d 650, 663 (Pa.Super.1999). The trial court accepted that Parkway's argument constituted a meritorious defense. N.T., 4/11/2001, at 37. We agree. If Parkway proved this defense at trial, Parkway would have a meritorious defense. Thus, the record reflects that Parkway met the tripartite test of *Castings Condominium Ass'n.*

¶ 19 In addition to evaluating whether a party has met the burden of the tripartite test, a court is also to balance the equities when considering whether to grant a Petition to Open a default judgment. This Court has recognized that "where some showing has been made with regard to each part of the test, a court should not blinder itself and examine each part as though it were a watertight compartment[.]" *Allegheny Hydro No. 1 v. American Line Builders*, 722 A.2d 189, 192 (Pa.Super.1998) (citation omitted). A court should, instead, "consider each part in light of all the circumstances and equi-

ties of the case." *Id.* Where the equities weigh strongly in favor of granting the Petition to Open, this Court will find an abuse of discretion in denying such a petition. *Flynn*, 674 A.2d at 1102.

¶ 20 "The rules permitting the entry of default judgments were designed to prevent a dilatory defendant from unreasonably thwarting plaintiff's efforts to establish a claim. They were not intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation." *Miller Block Co. v. U.S. Nat'l Bank*, 389 Pa.Super. 461, 567 A.2d 695, 699 (1989) (citation omitted), *appeal denied*, 525 Pa. 658, 582 A.2d 324 (1990). The record reflects that Parkway filed a timely Petition to Open, and made "some showing" of a reasonable excuse for the default. The record reflects that Parkway's failure to attend the hearing because of a snowstorm cannot be construed as "unreasonably thwarting" ABG's effort to establish its claim. In fact, the Municipal Court recognized that Parkway's representative made a "bona fide good faith endeavor to get to court." N.T., 4/11/2001, at 25. Finally, the record reflects that the denial of the Petition to Open prejudiced Parkway, which could be liable for damages under a contract to which it arguably was not a party. A balancing of the equities weighs strongly in favor of granting Parkway's Petition to Open. Thus, we conclude that the learned trial court abused its discretion when it denied Parkway's Petition to Open.

¶ 21 As a result of our disposition, we need not address Parkway's remaining arguments concerning the constitutionality or validity of Phila. R.C.P. 310 and Phila. R.C.P. 313.[6] *Commonwealth v. Failor*,

---

**6.** Phila. C.P.R. 310 states:

  (A) A default judgment may only be subject to appellate review in the manner pre-

scribed by Philadelphia Civil procedure Rule 313.

564 Pa. 642, 770 A.2d 310, 313 n. 5 (2001) ("a sound tenet of jurisprudence is that courts should avoid constitutional issues when the issue at hand may be decided upon other grounds") (citation omitted).

¶ 22 In any event, these issues are waived. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This waiver rule applies even if the issue raised for the first time on appeal is a constitutional question. *Brown v. Philadelphia Tribune Co.,* 447 Pa.Super. 52, 668 A.2d 159, 162 (1995), *appeal denied,* 544 Pa. 621, 675 A.2d 1241 (1996), *cert. denied,* 519 U.S. 864, 117 S.Ct. 173, 136 L.Ed.2d 114 (1996). The rule "applies with equal force to the Municipal Court of Philadelphia." *Commonwealth v. Dennis,* 548 Pa. 116, 695 A.2d 409, 411 (1997). Parkway did not present any objection to the constitutionality or validity of Phila. C.P.R. 310 and Phila. C.P.R. 313 to the Municipal Court.[7] Thus, these issues are waived.[8]

    (B) Except as provided by paragraph (C) below, a party may appeal for trial *de novo* to the Court of Common Pleas from the entry of a judgment by the Municipal Court in the manner prescribed by Philadelphia Civil Procedure Rules 311 and 312.
    (C) A party may appeal the grant or denial by the Municipal Court of a petition to open judgment by default or any other post-judgment order which would have been appealable had it been entered by the Court of Common Pleas, only in the manner prescribed by Philadelphia Civil Rule 313.
Phila. C.P.R. 313 states:
    (A) An appeal to the Court of Common Pleas from an order of the Municipal Court granting or denying a petition to open a default judgment or in any other post-judgment order which would have been appealable had it been filed within thirty (30) days from the date of entry of the order.
            * * *

¶ 23 Order reversed. Case remanded to the trial court with instructions to remand the case to the Municipal Court with instructions to grant the petition to open the default judgment, and for further proceedings. Jurisdiction relinquished.

(C) The appeal shall be limited to a determination by the court whether the Municipal Court committed an error of law or abused it discretion in ruling upon the petition or motion which is the subject of the appeal.
    (D) Upon the filing of an order with the court of Common Pleas, the action shall be remanded to the Municipal Court for further processing consistent with the order.

7. There is nothing in the Municipal Court Transcript (N.T., 4/11/2001), or any of the papers filed with the Municipal Court that addresses the constitutionality of Philadelphia Municipal Court Rules 310 and 313, or whether Philadelphia County Municipal Court Rule of Civil Procedure 124, as amended on March 28, 1996, is consistent with the District Justice Rule of Civil Procedure with respect to appeals to the Court of Common Pleas.

8. We recognize that we do not reach the questions that we requested the parties to address on reargument.