J-A01023-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| UNITED STATES STEEL CORPORATION, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WITHERUP FABRICATION & ERECTION, INC., | : | |
| | : | |
| Appellant | : | No. 674 WDA 2014 |

Appeal from the Order April 15, 2014,
Court of Common Pleas, Allegheny County,
Civil Division at No. GD 10-1445

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MARCH 30, 2015**

Witherup Fabrication & Erection, Inc. ("Witherup") appeals from the order entered on April 15, 2014, in the Court of Common Pleas, Allegheny County, directing Witherup to pay $148,225.44 to United States Steel Corporation ("U.S. Steel") in interest and $95,000.00 to the Allegheny County Clerk of the Civil Division, Department of Court Records.  For the reasons that follow, we affirm in part and reverse in part.

A brief summary of the relevant facts and procedural history is as follows.  On September 3, 2009, an explosion occurred at U.S. Steel's Clairton facility.  The explosion resulted in damage to U.S. Steel's property and the death of Nicholas Revetta, an employee of Power Piping.  At the time of the explosion, Power Piping was a general contractor for U.S. Steel, working on the Clairton facility.  Witherup was a subcontractor to Power

Piping. U.S. Steel determined that the explosion occurred as a result of Witherup's welding.

On January 22, 2010, Nicholas Revetta's estate filed a complaint against U.S. Steel. U.S. Steel thereafter filed third-party claims against Witherup and Power Piping. On March 23, 2013, U.S. Steel and Power Piping executed a settlement agreement. U.S. Steel and Power Piping agreed that Power Piping could recover a part of any monies U.S. Steel collected from Witherup.

On September 17, 2013, U.S. Steel and Witherup reached a settlement agreement, (the "Settlement Agreement"), which involved the payment of $9,500,000 by Witherup to U.S. Steel. On October 16, 2013, prior to a release being signed, U.S. Steel filed a Petition to Deposit Monies Into Court (the "Petition"), requesting Witherup deposit the settlement funds into court as it had been thirty days since the parties agreed to a settlement. Witherup filed its response on October 17, 2013, stating that it was not necessary to pay the settlement funds into court as it fully intended to comply with the terms of the settlement agreement. Witherup further anticipated that it would provide U.S. Steel with a draft agreement by October 21, 2013. On October 21, 2013, Witherup sent a draft of a Release and Settlement Agreement to U.S. Steel and Power Piping.

The trial court entered an order on October 30, 2013, requiring Witherup to deposit the settlement funds with the court and threatened to

penalize Witherup in the form of interest in accordance with Rule 229.1(g) of the Pennsylvania Rules of Civil Procedure. The trial court calculated the interest to be in the amount of $1,106.16 per day if the parties did not execute the release by November 14, 2013, set to begin on November 15, 2013 and lasting until a joint motion to release the escrowed funds was filed. The October 30, 2013 order also provided that the order would be "null and void" if all parties executed a settlement agreement and release prior to noon on November 14, 2013.

On November 13, 2013, in response to Witherup's request for assistance in reaching a resolution, the trial court held a settlement conference on the Petition. At the conference, Witherup claimed that both Power Piping and U.S. Steel's release was a material element of the Settlement Agreement, and asked the trial court to stay its October 30, 2013 order. Power Piping informed the court that its insurer, CNA, was still evaluating whether it would release any claims it may have against Witherup. Because no representative from CNA appeared at the hearing, however, the trial court scheduled another settlement conference for November 20, 2013. In the meantime, the trial court denied Witherup's request to stay its October 30, 2013 order, but provided that it would not impose any sanctions if Witherup deposited the money with the court by November 20, 2013. Witherup deposited the money into court on November

18, 2013, ostensibly satisfying the trial court's conditions for setting aside the imposition of sanctions.

At the settlement conference held on November 20, 2013, a representative of CNA stated that it was not prepared to waive its potential indemnity claim against Witherup. U.S. Steel thereafter filed a petition to enforce the Settlement Agreement on December 2, 2013. On February 4, 2014, Witherup filed a response to U.S.'s Steel's petition to enforce the settlement agreement as well as a cross-motion to enforce the Settlement Agreement. In its cross-motion to enforce the Settlement Agreement, Witherup requested that the trial court vacate the portion of the October 30, 2013 order requiring payment of interest and costs since Witherup complied with the trial court's order to deposit the monies into court. The trial court set a hearing for April 8, 2014.

In the interim, on March 27, 2014, Witherup obtained an executed release (the "Release") from Power Piping and U.S. Steel. As a result, the trial court issued an order to disburse the money on March 28, 2014. In its order, the trial court provided that U.S. Steel and Witherup "reserve[d] their respective rights relative to entitlement to interest pursuant to the October 30, 2013 Order of Court and request[ed] that Hearing/Argument on that issue be addressed before the [c]ourt on April 8, 2014[.]" Order, 3/28/14.

On April 8, 2014, the trial court conducted a hearing on the matter of interest. At the hearing, Witherup requested that the trial court vacate its

October 30, 2013 order imposing sanctions in the form of interest against Witherup because the requisite elements of Rule 229.1, the statutory basis on which the trial court entered the order, were never established. The trial court denied Witherup's request and entered an order on April 15, 2014, directing Witherup to pay $148,225.44[1] in interest to U.S. Steel, as well as $95,000 to the Clerk of Court Records. In response, Witherup filed a motion for reconsideration and a notice of appeal to this Court on April 25, 2014. The trial court denied Witherup's motion for reconsideration on May 13, 2014.

On appeal, Witherup raises the following issues for our review, which we have reordered for ease of disposition:

> 1. Whether the trial court erred in ordering Witherup to pay a commission in the amount of $95,000.00 for court costs associated with the handling of funds deposited into court where Witherup had discharged its obligations under the settlement by depositing the funds, and where it was U.S. Steel that filed the Petition to Deposit Monies Into Court, and it was U.S. Steel that availed itself of any services rendered by the Department of Court Records in acting as a custodian for the settlement funds[?]
>
> 2. Whether the Order directing Witherup to pay a commission approaching six (6) figures to the Department of Court Records amounts to an unconstitutional taking of property without due process where the Order and the statute relied upon to justify the commission impose the fee in an

---

[1] The trial court calculated interest from November 15, 2013 until March 28, 2014, the date of the parties' joint motion to disburse the funds, for a total of 134 days. *See* N.T., 4/8/14, at 16-17.

arbitrary fashion and without regard to the reasonableness of the amount and without defined standards as to who is responsible for the fee or the circumstances under which it can be charged[?]

3. Whether the trial court's April 15, 2014 Order imposing a penalty against Witherup in the form of interest in the amount of $148,225.44 was erroneous given that none of the predicates to an award of interest under Rule 229.1 had been established[?]

4. Whether the trial court erred in relying on Rule 229.1 in directing Witherup to pay interest on a settlement without ever making a finding of fact that Witherup had breached the settlement terms and where Witherup did not receive a signed release until March 27, 2014 – Over four (4) months after the interest award[] was made[?]

Witherup's Brief at 4-5.

Before we address Witherup's claims, we must address the trial court's conclusion in its Rule 1925(a) opinion, that all matters raised by Witherup are time barred and accordingly are waived. Trial Court Opinion, 7/15/14, at 9; Pa.R.A.P. 1925(a). The trial court states that "Witherup had thirty (30) days after entry of the [October 30, 2013] [o]rder to seek appellate relief[,]" because it was a final order and disposed of all claims. *Id.* at 10. The trial court further states that "[t]he April 15, 2014 [o]rder merely dealt with the computation of interest and [c]ourt costs; however, the right to said interest and [c]ourt costs was established by the October 30, 2013 [order], which was not appealed in a timely manner." *Id.* We must determine, therefore,

whether the trial court's October 30, 2013 order was a final order, necessitating Witherup to file an appeal within thirty days.

Rule 341 of the Pennsylvania Rules of Appellate Procedure defines a final order as one that "disposes of all claims and of all parties."[2] Pa.R.A.P. 341(b)(1). In this case, the trial court issued the following order:

> AND NOW, to wit, this 30th day of October, 2013, it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion to Deposit Monies into Court is granted. On or before noon on November 14, 2013, Defendant shall deposit the sum of Nine Million, Five Hundred Thousand Dollars ($9,500,000.00) with the Clerk of the Civil Division, Department of Court Records, to be held in escrow pending further Order of Court.
>
> Defendant is further ORDERED to pay as interest calculated in accordance with Pa.R.C.P. 229.1(g) the sum of $1,106.16 per day to Plaintiff beginning from November 15, 2013, and all court costs incurred as a result of this Order and until such date that the parties submit a Joint Motion to Release Escrowed Funds with the Court.
>
> This Order shall be null and void if a settlement agreement and release is executed by all parties prior to noon on November 14, 2013.
>
> Pursuant to Joint Motion of the Parties, the within Order is to be filed under Seal.

---

[2] Rule 341(b) also provides that a final order is any order that: (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c) of this rule. As the order in question is not defined as a final order by statute and was not entered as a final order "upon an express determination that an immediate appeal would facilitate resolution of the entire case[,]" pursuant to subsection (c), we focus our analysis on Rule 341(b)(1).

Order, 10/30/13, at 1-2.

We conclude that the trial court's October 30, 2013 order was not a final order under Rule 341(b)(1), as the order does not dispose of all claims and of all parties. As this Court established, "[a] final order is one that is intended to be final as to all parties and **to the whole subject matter**." **Pittsburgh Const. Co. v. Griffith**, 834 A.2d 572, 579 (Pa. Super. 2003) (emphasis added). In this case, at the time the trial court entered the October 30, 2013 order, the underlying matter remained yet to be resolved. Although the parties reached an agreement as to the amount Witherup would pay to U.S. Steel, the parties remained engaged in continuous discussions and settlement conferences to execute a written settlement agreement and release. The October 30, 2013 order itself reflects the ongoing nature of the case, stating that the settlement funds were "to be held in escrow **pending further Order of Court**." Order, 10/30/13, at 1 (emphasis added).

Furthermore, the record reflects that the issue of interest remained an ongoing issue. The order specifically provides a contingency, stating that the order "shall be null and void if a settlement agreement and release is executed by all parties prior to noon on November 14, 2013." **Id**. at 2. At the November 13, 2013 settlement conference, the parties had not yet executed a full release. The trial court, upon request by Witherup, "refused to stay its Order of October 30th requiring the deposit of monies, **but**

**indicated 'there would be no sanction if the money was deposited by the November 20th hearing date.'"** Trial Court Opinion, 7/15/14, at 3 (emphasis added). Witherup abided by the trial court's terms and deposited the settlement funds into court on November 18, 2013. *Id.* at 6.

A separate occasion to address the October 30, 2013 order arose when U.S. Steel filed its petition to enforce the Settlement Agreement on December 2, 2013. In response, Witherup filed a cross-motion to enforce the terms of the Settlement Agreement. Witherup maintained in its cross-motion that it remained willing to settle the matter based on the terms agreed to, but that the condition precedent to distributing settlement funds to U.S. Steel, namely, the executed release by both U.S. Steel and Power Piping, was unsatisfied. Witherup's Response to U.S. Steel's Motion to Enforce Settlement Agreement and Cross-Motion to Enforce, 2/4/14, ¶ 22. Witherup concluded by stating:

> Further, Witherup stands ready to comply with all of the terms negotiated on September 17, 2013, and has complied with this [c]ourt's Order of October 30, 2013 requiring that the settlement funds be paid into Court. As such, Witherup requests that the provisions of this [c]ourt's Order requiring payment of interest and costs be vacated.

*Id.* at ¶ 23.[3]

---

[3] U.S. Steel and the trial court deem Witherup's cross-motion to enforce the Settlement Agreement to be an untimely motion for reconsideration of the trial court's October 30, 2013 order. *See* Order, 4/15/14; U.S. Steel's Brief, at 18. Witherup, however, did not ask the court to reconsider its order;

After reviewing the record, we conclude that the trial court's October 30, 2013 order was not a final order under Rule 341(b) as it did not "dispose[] of all claims and of all parties." Pa.R.A.P. 341(b)(1). The terms of the order itself made clear that it was not final in that compliance with conditions stated in the order rendered it null and void. Moreover, the continuous proceedings in the trial court made clear that the ultimate outcome of the petition filed by U.S. Steel was not final until the entry of the April 15, 2014 order from which this appeal was taken. We therefore disagree with the trial court's conclusion that the October 30, 2013 order was final and Witherup's failure to file an appeal within thirty days of the entry of order rendered the appeal untimely. As a result, we now address the merits of Witherup's claims.

As its first issue on appeal, Witherup contends that the trial court erred by requiring Witherup to pay a commission in the amount of $95,000 to the Department of Court Records for depositing the settlement funds into court pursuant 42 P.S. § 21042(11).[4] Witherup's Brief at 42. Witherup

_____

rather, Witherup requested that the court vacate the portion of the October 30, 2013 order requiring payment of interest and costs because of its compliance with the October 30, 2013 order requiring that the settlement funds be deposited into court. Thus, the claim that Witherup filed an untimely motion for reconsideration is meritless.

[4] 42 P.S. § 21042 provides, in relevant part:

**§ 21042. Fee Schedule**

- 10 -

asserts that "[t]here is no support under the law for an order requiring a defendant that has discharged its payment obligations to pay for any fees related to the handling of such funds deposited into court." *Id.* at 43. Witherup further asserts that "to the extent that any commission was owed for the deposit[ed] money into court, the burden of any fees for such services should have been borne by U.S. Steel." *Id.*

Other than what is quoted herein, however, Witherup has not developed any specific arguments or cited to any relevant authority in support of these claims for relief. As Witherup has not provided us with any basis upon which to grant relief, we decline to do so.

For its second issue on appeal, Witherup argues that the trial court's order directing Witherup to pay $95,000 to the Department of Court Records is an unconstitutional taking of property pursuant to the Fifth Amendment of the United States Constitution. Witherup's Brief at 45. Witherup specifically asserts that "the amount was wildly disproportionate to any work actually

---

The fees to be received by the prothonotary of the court of common pleas of a county of the second class shall be as follows:

\* \* \*

**(11) Funds on deposit.—**
(i) Receiving and distributing money paid into court for each dollar under $500 …………………………… (4%)
(ii) For each dollar exceeding $500 ………………… (1%)

We note that the statute does not indicate which party is responsible for payment.

performed by the county[,]" and that the $95,000 was taken without procedural due process. *Id.* at 46, 50-53. Our review of the record reveals, however, that Witherup raised this issue for the first time in its 1925(b) statement. Rule 302(a) of the Pennsylvania Rules of Appellate Procedure provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "This waiver rule applies even if the issue raised for the first time on appeal is a constitutional question." *Coulter v. Ramsden*, 94 A.3d 1080, 1090 (Pa. Super. 2014) (citing *ABG Promotions v. Parkway Publishing, Inc.*, 834 A.2d 613, 619 (Pa. Super. 2003)). As Witherup waived this issue, we cannot address the merits of its claim.

For its third and fourth issues on appeal, Witherup argues that the trial court erred by imposing sanctions in the form of interest and costs under Rule 229.1 of the Pennsylvania Rules of Civil Procedure. Pa.R.C.P. 229.1. Witherup contends that the trial court did not have a legal basis to impose the sanctions "given that none of the predicates to an award of interest under Rule 229.1 had been established." *Id.* at 4; Pa.R.C.P. 229.1. We agree.

"Our standard of review of issues concerning sanctions is one of abuse of discretion by the trial court." *ACE American Ins. Co. v. Underwriters at Lloyds and Companies*, 939 A.2d 935, 945 (Pa. Super. 2007). After our review of the record, we conclude that the trial court abused its

- 12 -

discretion by imposing sanctions in the form of interest against Witherup pursuant to Rule 229.1.

Rule 229.1 provides, in relevant part:

> (c) If a plaintiff and a defendant have entered into an agreement of settlement, the defendant shall deliver the settlement funds to the attorney for the plaintiff, or to the plaintiff if unrepresented, within twenty calendar days from receipt of an executed release.
>
> (d) If settlement funds are not delivered to the plaintiff within the time required by subdivision (c), the plaintiff may seek to
>
>> (1) invalidate the agreement of settlement as permitted by law, or
>> (2) impose sanctions on the defendant as provided in subdivision (e) of this rule.
>
> (e) A plaintiff seeking to impose sanctions on the defendant shall file an affidavit with the court attesting to non-payment. The affidavit shall be executed by the plaintiff's attorney and be accompanied by
>
>> (1) a copy of any document evidencing the terms of the settlement agreement,
>> (2) a copy of the executed release,
>> (3) a copy of a receipt reflecting delivery of the executed release more than twenty days prior to the date of filing of the affidavit,
>> (4) a certification by the attorney of the applicable interest rate,
>> (5) the form of order prescribed by subdivision (h), and
>> (6) a certification by the attorney that the affidavit and accompanying documents have been served on the attorneys for all interested parties.

> (f) Upon receipt of the affidavit and supporting documentation required by subdivision (e), the defendant shall have twenty days to file a response.
>
> (g) If the court finds that the defendant violated subdivision (c) of this rule and that there is no material dispute as to the terms of the settlement or the terms of the release, the court shall impose sanctions in the form of interest calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the interest is awarded, plus one percent, not compounded, running from the twenty-first day to the date of delivery of the settlement funds, together with reasonable attorneys' fees incurred in the preparation of the affidavit.

Pa.R.C.P. 229.1.

A plain reading of Rule 229.1(g) provides that a court shall impose sanctions beginning on the twenty-first day after the defendant receives an executed release. *Id***.** In this case, no release had been signed when U.S. Steel filed the Petition. *See* Trial Court Opinion, 7/15/14, at 3. Witherup did not receive a fully executed release until March 27, 2014. Trial Court Opinion, 7/15/14, at 4. Under Rule 229.1(g), Witherup had twenty days, or until April 14, 2014, to deliver the settlement funds to U.S. Steel. The trial court, however, imposed the sanctions under Rule 229.1(g) on October 30, 2013, nearly five months prior to Witherup's receipt of the executed release, and five and a half months prior to Witherup's deadline for delivering the settlement funds. The trial court's imposition of sanctions pursuant to Rule 229.1 was erroneous.

- 14 -

Moreover, Rule 229.1(e) requires that the Plaintiff, seeking the imposition of sanctions pursuant to Rule 229.1(g), "shall file an affidavit with the court attesting to non-payment." The Rule further requires that the affidavit "be accompanied by … a copy of the executed release." Pa.R.C.P. 229.1(e)(2). The record is devoid of any affidavit filed by U.S. Steel. Even if U.S. Steel filed an affidavit, however, the affidavit would have failed to satisfy the requirements of Rule 229.1(e)(2) as no executed release existed at the time. As a result, U.S. Steel's request for imposition of sanctions in the form of interest failed to satisfy the requirements of Rule 229.1.[5] We therefore conclude that the trial court's imposition of sanctions pursuant to

---

[5] We note that the trial court and U.S. Steel assert that the delay in procuring the executed release was caused by Witherup's requirement that Power Piping sign the release, which was not a material element of the Settlement Agreement. *See* U.S. Steel's Brief at 4-5, 22; Trial Court Opinion, 7/15/14, at 8. The trial court states in its 1925(a) opinion that Witherup's requirement that "a **non-party**, Power Piping [], and its insurance carriers [] be parties to the settlement agreement to the extent that Power Piping needed to execute a release in favor of Witherup prior to any settlement[,]" was contrary to its recollection in settling the settlement agreement between U.S. Steel and Witherup. *Id.* (emphasis in original).

The terms of the settlement agreement reached on September 17, 2013 were not placed on the record even though the event took place as the result of a pre-trial conciliation. Moreover, because U.S. Steel could not comply with the affidavit requirements of Pa.R.C.P. 229.1(e), there is nothing in the record to establish the terms of the settlement agreement. Thus, prior to the entry of the October 30, 2013 order, there was no basis for the trial court to conclude that there was "no material dispute as to the terms of the settlement or terms of the release[,]" which is a prerequisite to imposing sanctions pursuant to Rule 229.1(g). *See* Pa.R.C.P. 229.1(g). As the case unfolded and based upon cross petitions to enforce the settlement agreement, it became clear that there was a material dispute as to the terms of the settlement agreement.

Rule 229.1 was erroneous and reversible error. Accordingly, we vacate the portion of the trial court's October 30, 2013 order imposing sanctions in the form of interest against Witherup, pursuant to Rule 229.1(g).

Affirmed in part and reversed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2015

- 16 -