J-A16041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| OCWEN LOAN SERVICING | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MILLICENT WALTERS | |
| Appellant | No. 3271 EDA 2014 |

Appeal from the Order Entered September 5, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2013, No. 3191

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED JULY 27, 2015**

Millicent Walters appeals from the order entered in the Court of Common Pleas of Philadelphia County denying her petition to strike or open a default judgment and set aside a sheriff's sale.  After careful review, we affirm.

On June 25, 2013, Ocwen Loan Servicing, LLC ("Ocwen") initiated a foreclosure action against Walters for failure to make required monthly payments of principal and interest on a mortgaged property at 1909 Conlyn Street, Philadelphia.  Having failed to effect personal service three times, Ocwen moved for a special order under Pa.R.C.P. 430(a) to permit service upon Walters via certified mail, regular mail, and by posting on the

_____

[*] Retired Senior Judge assigned to the Superior Court.

premises. The court granted the requested relief by order filed August 2, 2013. On August 14, 2013, Ocwen filed a certificate of service, attesting to service by certified and regular mail on August 8, 2013. On August 20, 2013, Ocwen filed an affidavit stating that the premises was posted on August 13, 2013, at 5:59 p.m.

On February 25, 2014, Ocwen obtained a default judgment against Walters in the amount of $91,705.95, and a writ of execution was issued on the property. Ocwen served notice of sheriff's sale on March 5, 2014, and the property was sold on June 9, 2014.

Walters filed a petition to strike or open the default judgment on July 3, 2014, which the court denied on September 4, 2014. This timely appeal followed, in which Walters presents the following issues for our review:

> 1. Did the trial court improperly deny [Walters'] petition to strike the default judgment, when [Ocwen] had failed to provide proof of service of original process by certified mail that would include a return receipt signed by Walters?

> 2. Did the trial court improperly deny [Walters'] petition to strike the default judgment, when the complaint, on its face, failed to state a cause of action in mortgage foreclosure, because, *inter alia*, no promissory note was attached, nor did [Ocwen] claim to hold the note or to be the "legal owner" of the mortgage?

> 3. Did the trial court improperly deny [Walters'] petition to open default judgment, without inquiry into the accuracy of [Walters'] verified statement that she was not served with original process?

> 4. Did the trial court improperly deny [Walters'] petition to open the default judgment, when (1) her petition was promptly filed; (2) her failure to respond to the complaint was excusable; because she never saw it and had no knowledge of it; and (3) she showed a meritorious defense, i.e., that without the promissory note, [Ocwen] could not prevail?

5. Did the trial court improperly deny [Walters'] petition to open the default judgment, when a balancing of the equities weighed strongly in favor of doing so?

Brief of Appellant, at 2-3.

Walters first challenges the trial court's denial of her petition to strike the default judgment. "Our standard of review from the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law." *Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912, 915 (Pa. Super. 2006).

A petition to strike is a demurrer to the record. *Mother's Rest. Inc. v. Krystkiewicz*, 861 A.2d 327, 336 (Pa. Super. 2004). Such a demurrer "admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts," and the court may only look at the facts of record at time the judgment was entered to decide if the record supports the judgment. *Id.* A petition to strike may be granted if a fatal defect appears on the record. *Id. See also U.K. Lasalle, Inc. v. Lawless*, 618 A.2d 447 (Pa. Super. 1992).

Walters argues that the trial court should have stricken the default judgment because Ocwen did not file a certified mail return receipt with Walters' signature. Without such receipt, she maintains that Ocwen failed to establish service of original process, which amounts to a fatal defect. If service was improper, the court did not have jurisdiction over her, and its

judgment should be stricken as void. *Liquid Carbonic Corp v. Cooper & Reese, Inc.*, 416 A.2d 549 (Pa. Super. 1979).

Pa.R.C.P. 403 sets forth the requirements for service by mail. Walters' argument focuses on Pa.R.C.P. 405(c), which requires that "[p]roof of service by mail *under Rule 403* shall include a return receipt signed by the defendant." (Emphasis added.) However, Ocwen did not serve Walters under Rule 403. Rather, Ocwen served Walters by special order in accordance with Rule 430(a), which states:

> **Rule 430: Service Pursuant to a Special Order of Court.**
>
> (a): If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."

Pa.R.C.P. 430(a).

The trial court's special order, in addition to requiring posting of the premises, directed Ocwen to serve the complaint by "mailing a copy . . . to Walters, by certified mail, return receipt requested and regular mail." Order, 8/2/13, at 1.

Rule 410, governing service in real property actions, provides, in relevant part:

> **Rule 410. Real Property Actions**

(c)     If service is made pursuant to an order of court under Rule 430(a), the court shall direct one or more of the following methods of service:

    (1)     publication as provided by Rule 430(b),

    (2)     posting a copy of the original process on the most public part of the property;

    (3)     registered mail[1] to the defendant's last known address; and

    (4)     such other methods, if any, as the court deems appropriate to give notice to the defendant.

Pa.R.C.P. 410(c).

The record reflects that attempts at personal service at Walters' home address on a number of occasions were met by no response.  Once the trial court granted the motion for alternative service, Ocwen provided affidavits reflecting that it served Walters by certified mail, first class mail, and posting on the property.  In light of the fact that under Rule 410(c), posting on the property alone is an acceptable method of service, we find no abuse of discretion or error of law on the part of the trial court when it held that "[i]t is disingenuous for [Walters] to argue that, because she did not sign the receipt slips, service was not effectuated."  Trial Court Opinion, 11/25/14, at 5.

Walters next argues that the trial court erred by failing to strike the judgment because:  (1) Ocwen failed to attach the note to the complaint and

_____

[1] Pa.R.C.P. 76 defines "registered mail" as including certified mail.

(2) Ocwen's allegation that it was assigned the mortgage is insufficient because Ocwen did not also "claim to hold the note or to be the 'legal owner' of the mortgage." Appellant's Brief, at 10-11.

Rule 1147, which governs a complaint in mortgage foreclosure, provides, in relevant part:

> **Rule 1147.        The Complaint**
>
> (a)    The plaintiff shall set forth in the complaint:
>
> (1)    the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2)    a description of the land subject to the mortgage;
>
> (3)    the names, addresses, and interest of the defendant in the action and that the present real owner is unknown if the real owner is not made a party;
>
> (4)    a specific averment of default;
>
> (5)    an itemized statement of the amount due,
>
> (6)    a demand for judgment of the amount due.

Pa.R.C.P. 1147(a).

Walters' objection notwithstanding, there is no requirement that a complaint in mortgage foreclosure include the promissory note.

The complaint specifically averred that monthly installments were due in a certain amount on a certain date, and that Walters failed to pay on that date and each date thereafter. *See* Complaint in Mortgage Foreclosure, 7/3/14, at ¶ 7. Additionally, Ocwen averred that it had been assigned the mortgage and provided both the deed and assignment numbers. *Id.* at ¶ 4.

It is well-settled that "[t]he holder of the mortgage has the right, upon default, to bring a foreclosure action." *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 465 (Pa. Super. 2014).

The trial court found that Ocwen complied with all provisions of Rule 1147(a) and thereby sufficiently placed Walters on notice of Ocwen's "claim of interest with regard to the subject mortgage." *US Bank N.A. v. Mallory*, 982 A.2d 986, 993 (Pa. Super. 2009). In so finding, the trial court did not abuse its discretion or commit an error of law. Accordingly, Walters is not entitled to relief on this claim.

In Walters' remaining issues, she argues that the trial court improperly denied her petition to open the default judgment. A trial court's decision with respect to opening a default judgment will not be disturbed on appeal "absent an error of law or a clear, manifest abuse of discretion." *Id.* at 994.

"[A] default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Id.* at 994-95. Where the defendant has not established all three criteria, a trial court may not open a default judgment. *Id.* at 995.

Walters argues that the trial court should not even have engaged in the above-referenced three-part analysis because it was required to open the judgment based solely on the fact that Ocwen never served her with the

complaint. We agree with Walters that jurisdiction over the person depends on proper service being effectuated. *See Mischenko v. Gowton*, 453 A.2d 658, 660 (Pa. Super. 1982). Nevertheless, upon review of the record, the trial court concluded that Walters did have knowledge of the action and was properly served under Rule 430. Trial Court Opinion, 11/25/14, at 6. Ocwen provided Walters with a copy of the complaint at her house by three different methods, after attempting personal service at the house four times. *Id.* at 1-2. Ocwen also sent notice of its intent to enter a default judgment and provided notice of sheriff's sale. *Id.* Ocwen provided all of this notice to the mortgaged property, the only address of record for Walters, and the same address at which Walters claims to have received a card informing her that the sheriff's sale took place *Id.* at 3. Under these circumstances, the trial court neither abused its discretion nor erred as a matter of law by denying a request to open the judgment based on lack of service.

Walters maintains that even if Ocwen properly effected service, she was still entitled to relief under the thee-part test for opening a judgment. The timeliness of a petition to open is measured from the date that notice of the entry of default was received; while there is no specified period of time, the court should consider the length of time between discovery of the entry of default and reason for the delay. *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa. Super. 2009). Walters avers that she discovered the default on June 20, 2014, following the sheriff's sale. However, as explained

herein, the trial court concluded that Walters received notification of the February 25, 2014 default judgment shortly after it was entered. Walters filed her petition to strike on July 3, 2014, one hundred and twenty-eight days after the entry of default. Thus, her petition to open was not timely filed. The trial court did not abuse its discretion in denying the petition after such a lengthy delay. *See Pappas v. Stefan*, 304 A.2d 143, 145-46 (Pa. 1973) (reversing the grant of a petition to open filed 55 days after entry of judgment).

Because Walters had notice of the default judgment in February 2014, the trial court properly determined that Walters did not present a reasonable explanation for failing to respond in a timely manner.

Walters further avers that she has pled a meritorious defense. The requirement of a meritorious defense is only that a defense must be pleaded that, if proved at trial, would justify relief. *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 26 (Pa. Super 2011). A defendant must set forth such a defense in "precise, specific, and clear terms." *Id.* Walters asserts that Ocwen is not the holder of the note and cannot prevail in this mortgage foreclosure action.[2] However, that assertion is not a defense, but

---

[2] Ocwen rebutted the substance of this argument by attaching a verified copy of the note in response to the petition to open. *See* Plaintiff's Response to Defendant's Petition to Strike or Open Judgment and Set Aside Sheriff's Sale, 6/28/14, Exhibit E.

merely a challenge to Ocwen's burden of proof. *See id.* Thus, Walters is not entitled to an order opening the default judgment, as she has not met the requirements of the three-part test.

Walters next argues that the trial court erred by failing to balance the equities and open the default judgment. She relies on ***ABG Promotions v. Parkway Pub. Inc.***, 834 A.2d 613 (Pa. Super. 2003), where this Court held:

> In addition to evaluating whether a party has me the burden of the tripartite test, a court is also to balance the equities when considering whether to grant a [p]etition to [o]pen a default judgment. This Court has recognized that "where some showing has been made with regard to each part of the test, a court should not blinder itself and examine each part as though it were a watertight compartment."

*Id.* at 618 (citation omitted).

In ***ABG Promotions***, where this Court reversed an order denying a petition to open, the judgment debtor made "some showing" as to each element of the test. First, the parties did not dispute that the petition to open had been timely filed. Second, the lower court accepted Parkway's excuse that its representative was unable to get to court because of a large snowfall. Third, Parkway's defense, that it had no contractual obligation to ABG, would have been meritorious if proved at trial.

Here, the factual predicate for balancing the equities was not met because Walters failed to make *any* showing as to *any* element of the three-part test. Accordingly, the court did not err or abuse its discretion by not engaging in a separate balancing of the equities analysis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2015