J-S05042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BKB COMMUNITY DEVELOPMENT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANNIE MITCHELL | : | |
| | : | |
| Appellant | : | No. 1027 EDA 2024 |

Appeal from the Order Entered March 25, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  240100556

BEFORE:   BOWES, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED FEBRUARY 24, 2025**

Appellant, Jannie Mitchell, appeals from the order entered in the Court of Common Pleas of Philadelphia County, which denied her petition to reconsider the Philadelphia Municipal Court's order denying her petition to stay a Writ of Execution, as well as her petition to open a default judgment in this landlord-tenant matter.  After a careful review, we affirm.

The relevant facts and procedural history have been summarized, in part, by the Court of Common Pleas as follows:

> This appeal stems from a landlord-tenant dispute between Appellant, as tenant, and [Appellee BKB Community Development], the owner of the property.  Appellant moved into the property on January 2, 2015.  In May 2015, Appellant contacted the Department of Licenses and Inspections ("L&I") regarding alleged code violations, and she filed a complaint of unfair rental practices with the Fair Housing Commission.  On May

_____

* Former Justice specially assigned to the Superior Court.

28, 2015, L&I issued a written report indicating that [Appellee] was in violation for operating a rental property without a license. The Fair Housing Commission held a hearing on December 1, 2015. Appellant did not appear for the hearing, so the matter was dismissed for lack of prosecution.

On May 3, 2016, [Appellee] instituted proceedings in the Municipal Court to recover unpaid rent and regain possession of the property that Appellant occupied.[1] On June 20, 2016, the hearing was held, and Appellant failed to appear. As a result, the Municipal Court issued a Judgment of Possession and Money Judgment in favor of [Appellee] for $7,617.50. On July 20, 2016, Appellant filed a Petition to Open Judgment for Plaintiff by Default. [However, Appellant voluntarily withdrew the petition]…because service was not made to [Appellee].

On October 10, 2023, [Appellee] sent notice of a Writ of Execution to Appellant [to collect on the default judgment].[2] On December 8, 2023, Appellant filed [in the Municipal Court] a Petition to Stay the Writ of Execution, which was denied because it was not timely filed. The [Municipal Court's order denying] Appellant's Petition was filed on December 11, 2023. On January 5, 2024, Appellant filed a [notice of] appeal [from] the Municipal Court's [order.][3] [Therein, in addition to requesting the Court of

_____

[1] Pennsylvania law provides that the Philadelphia Municipal Court and Court of Common Pleas of Philadelphia County retain concurrent jurisdiction in landlord-tenant matters. *See* 42 Pa.C.S.A. § 1123(b).

[2] At the hearing discussed below, Appellee explained that the delay in filing and serving the Writ of Execution was attributable to Appellant's whereabouts being unknown. N.T., 3/25/24, at 9.

[3] We note that Municipal Court orders pertaining to landlord-tenant matters under 42 Pa.C.S. § 1123(a)(3), as well as Municipal Court "Supplementary Orders," which includes orders "granting or denying a petition to open a default judgment and any other post-judgment orders," are directly appealable to the Court of Common Pleas. Phila. Co. Civil Rule 1001(b), (c).

Here, Appellant appealed to the Court of Common Pleas from a post-judgment order, which is a "Supplementary Order," and, accordingly, the rules pertaining to "Supplementary Orders" are applicable. *See Jayaram v. Chaojun Wang*, 240 A.3d 195 (Table), No. 2266 EDA 2019 (Pa.Super. filed 8/25/20) (unpublished memorandum) (holding that, after the landlord in a
*(Footnote Continued Next Page)*

- 2 -

Common Pleas reconsider the Municipal Court's order denying her petition to stay the Writ of Execution, Appellant requested the Court of Common Pleas open the default judgment, which was entered against her on June 20, 2016.]

Court of Common Pleas Opinion, filed 8/6/24, at 1-3 (footnotes added).

The Court of Common Pleas scheduled a hearing for February 28, 2024; however, after Appellant requested a continuance, the Court rescheduled the hearing for March 25, 2024, at which both parties appeared *pro se*.[4]

At the commencement of the hearing, the Court of Common Pleas, noting it had previously granted Appellant's request for a continuance, asked Appellant if she had any evidence to offer. N.T., 3/25/24, at 4. Appellant responded she has emails, but she did not bring copies with her to the hearing. *Id.* The Court of Common Pleas asked Appellant if she was ready to proceed. *Id.* Appellant responded, "I have no choice." *Id.* After being sworn in,

---

landlord-tenant case in the Municipal Court received a default judgment, the tenant filed a petition to open, which the Municipal Court denied, and, thus, the tenant's subsequent appeal to the Court of Common Pleas was from a "Supplementary Order"). Consequently, Appellant was required to file her appeal to the Court of Common Pleas "within 30 days after the date of the entry of the order on the dockets of the Municipal Court." *See* Phila. Co. Civil. Rule 1001.3(a), (b). Appellant appealed the Municipal Court's December 11, 2023, "Supplementary Order" on January 5, 2024, and, thus, her appeal is timely.

[4] Appellant suggests on appeal that the Court of Common Pleas should have appointed her counsel for the March 25, 2024, hearing. However, we note "the law is well settled that there is no right to counsel in civil cases." *Rich v. Acrivos*, 815 A.2d 1106, 1108 (Pa.Super. 2003) (citation omitted).

- 3 -

Appellant was permitted to offer her testimony in the narrative largely without interruption by the Court of Common Pleas or Appellee.

Specifically, Appellant testified she and her children lived in the rental house at issue; however, they fled the house because of a "domestic violence situation." *Id.* at 6. Appellant indicated she "lost her children" because of the domestic abuse, and she "was placed in a safe haven." *Id.* She indicated that, when she and her children fled the rental house, she asked the landlord to terminate the lease, as well as left her personal belongings behind. *Id.*

Appellant asked that the Court of Common Pleas open the default judgment, as well as prohibit Appellee from selling her personal belongings to collect on the judgment. *Id.* at 7. She explained the reason she did not appear at the hearing on June 20, 2016, or take her personal belongings with her, was because of the "domestic abuse situation." *Id.* Appellant testified that 2016 was the last time she was in the rental house. *Id.* She also averred that she should not have to pay rent for the time she was living in the "safe haven." *Id.* at 8.

Appellee's representative, Winston Bank, testified Appellee has a valid default judgment from the Municipal Court. *Id.* at 9-10. He indicated Appellant's claims, which she made to the "Fair Housing Commission," were "total fabrication." *Id.* at 9.

The Court of Common Pleas asked Appellant if she wished to respond, and Appellant indicated:

> [T]here were violations with the property. I wish I had more time to actually present to you my evidence to support what I'm saying. I do ask that you give me a little leniency so I can show you proof as to what I'm saying.
>
> Two of my kids contracted lead from his house. I'm going back to my property. I had jewelry, my father's ashes, certain things I could never get back[, which I left there when I fled].

*Id.* at 10.

In response, Mr. Banks testified that, after Appellant left the rental house, he inspected it, and it was "trashed." *Id.* at 11. He removed "40 bags of trash" and found "several urine bottles on various floors of the house." *Id.* Some of the appliances had to be discarded because they were "trashed." *Id.* He noted that he brought Appellant's grandfather, who lived across the street from the rental house, to look at the damage Appellant had caused to the house. *Id.*

The Court of Common Pleas asked Appellant if she had any other evidence or anything else to add. Appellant replied that her grandfather could be a witness as to "some of the things" she experienced. *Id.* However, Appellant did not have her grandfather available to testify at the hearing.

The Court of Common Pleas indicated it would consider the matter and render a decision. Later that day, by order entered on March 25, 2024, the Court of Common Pleas denied Appellant's petition. On April 8, 2024, Appellant filed a *pro se* notice of appeal with this Court. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Reginald Allen, Esquire, entered an appearance on behalf of Appellant. In her counseled brief, Appellant presents the following issues in her "Statement of Questions Involved" (verbatim):

1. Did the Lower Court abuse its discretion by denying Appellant due process by not conducting a fair hearing, denying Appellant the opportunity to put on her case, in the context where the *pro se* Appellant needed some form of guidance and prompting as to what she must state to attempt to have judgment opened?

2. Did the Lower Court abuse its discretion by not allowing Appellant to put on evidence that she brought to the hearing including potential evidence of domestic violence that was relevant to her defense against judgment and delays in appealing?

Appellant's Brief at 4 (suggested answers omitted).

Initially, we note that, under the Philadelphia County Rules of Civil Procedure, when an appeal is taken from the Municipal Court to the Court of Common Pleas as it relates to "Supplementary Orders," which includes "orders granting or denying a Petition to Open a Default Judgment, and any other post-judgment orders" in landlord-tenant matters, the Court of Common Pleas' review "is limited to a review of the record related to the Petition, not the merits of the underlying case." **See** Phila. Co. Civil Rule 1001.3(a). Thus, "the appeal is limited to a determination by the Court of Common Pleas as to whether the Municipal Court committed an error of law or abused its discretion in ruling on the petition or motion which is the subject of the appeal."

***Jayaram v. Chaojun Wang***, 240 A.3d 195 (Table), No. 2266 EDA 2019, at *4 (Pa.Super. filed 8/25/20) (unpublished memorandum) (citation omitted).[5]

Moreover, in general, any issues an appellant did not present to the Municipal Court are waived and cannot be raised for the first time on appeal to the Court of Common Pleas. ***See ABG Promotions v. Parkway Pub., Inc.***, 834 A.2d 613, 619 (Pa.Super. 2003) (*en banc*). ***See also Babb-Alibey v. Lippman***, 296 A.3d 584 (Table), No. 1484 EDA 2022 (Pa.Super. filed 3/7/23) (unpublished memorandum).[6]

Here, in appealing to the Court of Common Pleas from the Municipal Court's order, Appellant requested that the Court of Common Pleas reconsider the Municipal Court's order denying her petition to stay the Writ of Execution, as well as requested the Court of Common Pleas open the default judgment, which was entered against her on June 20, 2016. However, the certified record provided to this Court does not contain any indication that Appellant asked the Municipal Court to open the default judgment, and, accordingly, she raised this issue for the first time on appeal to the Court of Common Pleas.

_____

[5] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[6] We recognize there is authority for the proposition that petitions to strike a default judgment, which are distinct from petitions to open a default judgment, may be presented at any time. ***See Green Acres Rehab. and Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1268 (Pa.Super. 2015). In the case *sub judice*, Appellant has not presented any claim related to a petition to strike the default judgment.

- 7 -

On appeal to this Court, Appellant does not present any issues related to the denial of her petition to stay the Writ of Execution; but rather, she focuses her issues on whether the Court of Common Pleas erred in denying her petition to open the default judgment.[7] Specifically, she alleges the Court of Common Pleas should have given her "leeway" because of her *pro se* status. Appellant's Brief at 15. She claims that she was denied due process because, as a *pro se* litigant, she needed "prompting" from the Court of Common Pleas to ensure that she had a full and fair evidentiary hearing regarding her petition to open. *Id.* She further claims she was improperly "prevented" from introducing relevant emails and a witness, her grandfather. *Id.* at 20.

Initially, it is noteworthy that, in the case *sub judice*, based on the certified record provided to this Court, the Court of Common Pleas could have deemed the claims pertaining to Appellant's petition to open as waived since she did not present the claims in the Municipal Court. *See ABG Promotions*, *supra*. Instead, contrary to Appellant's claim, the Court of Common Pleas

_____

[7] We note that, in order to open a default judgment, the moving party must satisfy the following requirements: "(1) promptly file[ ] a petition to open the default judgment, (2) provide[ ] a reasonable excuse or explanation for failing to file a responsive pleading, and (3) plead[ ] a meritorious defense to the allegations contained in the complaint." *Myers v. Wells Fargo Bank*, 986 A.2d 171, 175-76 (Pa.Super. 2009). Appellant does not dispute that she failed to meet these requirements.

showed "leeway" and provided Appellant, who was *pro se*, with an evidentiary hearing so that she could attempt to prove her claim.[8]

Specifically, after swearing in Appellant, the Court of Common Pleas allowed her to offer testimony and any evidence she wanted. Appellant claims on appeal she was "prevented" from offering evidence; however, her claim is belied by the record. Simply put, although given the opportunity to do so, Appellant, who admitted she did not have copies of emails to offer into evidence, presented the Court of Common Pleas with no documentary evidence. Also, aside from her own testimony, she did not offer the testimony of any witnesses.

She now argues on appeal to this Court that her *pro se* status required the Court of Common Pleas to *sua sponte* instruct her on how she should proceed to meet her burden of proof as to her petition to open the default judgment.

It is well-settled that the courts of this Commonwealth do not act as counsel for litigants or create legal theories for them. **Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa.Super. 1996). While the courts are willing to liberally construe materials filed by *pro se* litigants, such litigants

_____

[8] To the extent the Court of Common Pleas erred in failing to find Appellant's claims related to her petition to open waived and allowing her to develop the issues at an evidentiary hearing before the Court of Common Pleas, we conclude the procedural irregularity is harmless error.

are not entitled to any particular advantage because they lack legal training. *See id.* "As our…Court[s] [have] explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." *Id.* (citation omitted).

Here, Appellant has not demonstrated that she was denied due process. In fact, although the Court of Common Pleas could have found the claims related to her petition to open waived, the Court provided Appellant with an evidentiary hearing so that she could attempt to prove her claims. As a layperson, she assumed the risk of her lack of legal expertise, and it was not the Court of Common Pleas' duty to explain the law or "prompt" Appellant as to what evidence she should present at the hearing. *See id.*

Finding Appellant is not entitled to relief, we affirm the Court of Common Pleas' order.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/24/2025