**June F. MYERS, Appellee**

v.

**WELLS FARGO BANK, N.A., T/A Premier Asset Services and T/A Wells Fargo Home Mortgage, U.S. Bank National Association and Fox & Roach, L.P., T/A Prudential Fox & Roach, Appellees**

**Appeal of U.S. Bank National Association, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 6, 2009.

Filed Dec. 15, 2009.

Anne E. Walters, Cherry Hill, N.J., for appellant.

Francis X. Clark, King of Prussia, for appellee.

BEFORE: STEVENS, BOWES, JJ., and McEWEN, P.J.E.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Bucks County denying Appellant U.S. Bank National Association's (hereinafter U.S. Bank) petition to open a default judgment entered in favor of Appellee June F. Myers (hereinafter Ms. Myers). We affirm.

¶ 2 The relevant facts and procedural history are as follows: On January 11, 2008, Ms. Myers filed a civil complaint against Wells Fargo Bank, N.A. (hereinafter Wells Fargo), t/a Premier Asset Services and t/a Wells Fargo Home Mortgage, U.S. Bank, and Prudential Fox & Roach, L.P. (hereinafter Prudential), averring that, in the spring and summer of 2007,

Ms. Myers sought to sell her residence at 26 Penn Avenue, Souderton, Pennsylvania, and purchase a new duplex property in the Souderton area. Ms. Myers entered into a real estate agent representation contract with Century 21 Keim Realtors of Allentown, Pennsylvania (hereinafter Century 21), through which Century 21 was to list 26 Penn Avenue residence for sale and assist Ms. Myers in purchasing a new duplex.

¶ 3 Ms. Myers further averred that, in May of 2007, U.S. Bank foreclosed upon a residential duplex property located at 218–220 Springhouse Lane, Telford, Pennsylvania, and on June 12, 2007, U.S. Bank, as trustee for Structured Asset Investment Loan Trust 2005–8, recorded a sheriff's deed for the Springhouse Lane property. Ms. Myers averred that, thereafter, Wells Fargo, through its Premier Asset Services (hereinafter PAS) or Wells Fargo Home Mortgage (hereinafter WFHM) division, sought to sell the Springhouse Lane property as an undisclosed agent of U.S. Bank, and the property was listed with Prudential with an asking price of $229,900.00, which was advertised as being $50,000.00 less than the property's fair market value since the property needed extensive renovations.

¶ 4 On August 10, 2007, Ms. Myers and her children,[1] acting through Ms. Myers' agent at Century 21, submitted an offer in the form of a standard agreement for sale to purchase the Springhouse Lane property. The offer was subject to a mortgage contingency for a total loan of $245,630.00, which would cover the purchase price and renovations for the property, as well as a mortgage commitment date of September 13, 2007, with closing occurring by Sep-

---

1. The children subsequently assigned their rights and title under the agreement of sale to Ms. Myers.

tember 24, 2007. Ms. Myers provided a good faith deposit of $1,500.00 to Wells Fargo agents at Prudential.

¶ 5 On August 17, 2007, acting through its agents at PAS, WFHM and/or Prudential, Wells Fargo made a counter offer for the sale of the property for a total of $212,000.00, substantially incorporating the terms of Ms. Myers' offer, including the mortgage contingency, and indicating that closing would occur on or before October 15, 2007. On August 20, 2007, Ms. Myers accepted Wells Fargo's counter offer and signed the agreement of sale.

¶ 6 Immediately thereafter, Century 21 notified Wells Fargo's agent that Ms. Myers required a copy of the signed property sales agreement to present to potential lenders in order to obtain a mortgage for the subject property. Thereafter, Ms. Myers attempted to acquire a mortgage; however, Wells Fargo failed to provide Ms. Myers with a signed property sales agreement until September 14, 2007, which was just thirty-one days before the closing deadline. When the signed sales agreement was provided to Ms. Myers, Diane LePera, who was a real estate agent at Prudential, indicated that an extension for the closing date would be given so that Ms. Myers could obtain financing.

¶ 7 Ms. Myers averred that, on September 26, 2007, Century 21 informed Ms. LePera that an extension until November 15, 2007 would be necessary so that Ms. Myers could obtain financing. Apparently, unbeknownst to Ms. Myers, Ms. LePera did not forward the request for a closing extension to Wells Fargo until October 9, 2007, at which time Ms. LePera falsely informed Wells Fargo and its representatives that the delay in closing was caused by Ms. Myers' changing of mortgage companies. Ms. Myers and Century 21 continued to press Wells Fargo for a signed commitment extending the closing date for

sale of the property to November 15, 2007; however, no such written commitment was forthcoming and, instead, Wells Fargo relisted the property and entered into an agreement with a higher bidder. On November 15, 2007, Ms. Myers furnished her mortgage financing to Wells Fargo; however, Wells Fargo refused to close on the property and maintained that Ms. Myers was at fault in failing to close on the sale of the property by October 15, 2007. Ms. Myers sought specific performance and damages from Wells Fargo, and its divisions (WFHM and PAS), as well as U.S. Bank and Prudential.

¶ 8 The certified docket entries reveal that, on January 29, 2008, the sheriff served U.S. Bank with Ms. Myers' complaint. On February 6, 2008, Prudential filed preliminary objections to Ms. Myers' complaint, and Ms. Myers filed an answer. On February 19, 2008, Anne E. Walters, Esquire, entered her appearance on behalf of Wells Fargo, WFHM, and PAS, and on that same date, she filed an answer on their behalf to Ms. Myers' complaint. On February 21, 2008, Ms. Myers filed a Rule 237.5 Important Notice to enter default judgment due to U.S. Bank's failure to respond to Ms. Myers' complaint, and on March 5, 2008, Ms. Myers filed a praecipe to enter a default judgment against U.S. Bank. Notice of the default judgment was sent to U.S. Bank on March 5, 2008, in accordance with Pa.R.C.P. 236.

¶ 9 On March 19, 2008, Anne E. Walters, Esquire, entered her appearance on behalf of U.S. Bank, and on that same date, she filed on behalf of U.S. Bank a petition to open the default judgment. In its petition, U.S. Bank admitted that it was served with Ms. Myers' complaint at its registered Pennsylvania office, CT Corporation System, on approximately February 11, 2008, and counsel for U.S. Bank filed an entry of appearance and answer on behalf

of WFHM and PAS, both divisions of Wells Fargo, on February 19, 2008. U.S. Bank further averred that "[d]ue to a clerical error and miscommunication between in-house counsel for defendants, [WFHM] and [PAS], and the undersigned, the undersigned did not file an Answer on behalf of moving Defendant, U.S. Bank[.]" U.S. Bank explained that it is the trustee for the loan on the property described in Ms. Myers' complaint and WFHM acts as the servicer of the loan. U.S. Bank requested that the default judgment be opened and averred that it has a meritorious defense, which was more fully explained in a proposed answer to Ms. Myers' complaint, which was attached as an exhibit to the petition to open.

¶ 10 On April 7, 2008, Ms. Myers filed an answer to U.S. Bank's petition to open the default judgment, and on April 11, 2008, she filed a praecipe for *lis pendens* requesting a lien be entered against the Springhouse Lane property. The trial court entered a Rule to Show Cause as to why U.S. Bank's petition to open the default judgment should not be granted.

¶ 11 On September 8, 2008, Ms. Myers filed a brief in opposition to U.S. Bank's petition to open the default judgment. By order entered on September 29, 2008, the trial court denied U.S. Bank's petition to open the default judgment, and on October 3, 2008, U.S. Bank filed a petition for reconsideration, along with a supporting memorandum. Ms. Myers filed an answer opposing reconsideration.

¶ 12 On October 29, 2008, U.S. Bank filed a notice of appeal to this Court from the trial court's September 29, 2008 order denying U.S. Bank's petition to open the default judgment.[2] On November 13, 2008, the trial court sent a letter to U.S. Bank indicating it was declining to address the motion for reconsideration since an appeal had been filed. Thereafter, pursuant to petitions filed by the parties, by order entered on December 9, 2008, the trial court stayed the action against Wells Fargo, Prudential, PAS, and WFHM pending the outcome of this appeal by U.S. Bank. On February 4, 2009, the trial court filed a Pa.R.A.P. 1925(a) opinion explaining the reasons it denied U.S. Bank's petition to open the default judgment. Specifically, the trial court concluded U.S. Bank's petition was not timely filed and U.S. Bank had failed to provide an adequate explanation for its delay.

¶ 13 On appeal, U.S. Bank contends that it met the three prongs of the tripartite test necessary for opening a default judgment.

It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

*US Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa.Super.2009) (*quoting ABG Promotions v. Parkway Publishing, Inc.*, 834 A.2d 613, 615–16 (Pa.Super.2003) (en banc) (quotations, quotation marks, and citations omitted)).

¶ 14 Generally speaking, a default judgment may be opened if the mov-

---

2. We note that, pursuant to Pa.R.A.P. 311, regarding interlocutory appeals as of right, "[a]n appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

(1) *Affecting judgments.* An order refusing to open, vacate or strike off a judgment." Pa. R.A.P. 311(a)(1).

ing party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.[3] *McFarland v. Whitham*, 518 Pa. 496, 544 A.2d 929 (1988); *Seeger v. First Union National Bank*, 836 A.2d 163 (Pa.Super.2003). Moreover, we note the trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria. *Seeger, supra.*

¶ 15 With regard to the first prong, whether the petition to open was timely filed, we note:

> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.
>
> * * *
>
> In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month. *See Duckson v. Wee Wheelers, Inc.*, 423 Pa.Super. 251, 620 A.2d 1206 (1993) (one day is timely); *Alba v. Urology Associates of Kingston*, 409 Pa.Super. 406, 598 A.2d 57 (1991) (fourteen days is timely); *Fink v. General Accident Ins. Co.*, 406 Pa.Su-

per. 294, 594 A.2d 345 (1991) (period of five days is timely).

*US Bank N.A.*, 982 A.2d at 995 (*quoting Castings Condominium Association, Inc. v. Klein*, 444 Pa.Super. 68, 663 A.2d 220, 223 (1995) (citations omitted)).

¶ 16 In the present case, default judgment was entered on March 5, 2008, and notice thereof was provided to U.S. Bank on that same date. U.S. Bank's petition to open the default judgment was filed on March 19, 2008, approximately fourteen days later. The appellate courts have found a "prompt" and timely filing of a petition to open a default judgment existed under similar circumstances. *See Alba, supra.* Therefore, we cannot agree with the trial court's conclusion that U.S. Bank's petition to open was not timely filed. However, this does not end our inquiry as U.S. Bank must also demonstrate that it met the requirements of the other two prongs. *See US Bank N.A., supra.*

¶ 17 With regard to the second prong, "[w]hether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case. The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion." *US Bank N.A.*, 982 A.2d at 995 (quotation marks, quotation and citations omitted).

¶ 18 In the case *sub judice*, with regard to the second prong, U.S. Bank offers the following explanation for its failure to file a responsive pleading:

> There was a miscommunication between [U.S. Bank] and its counsel, wherein

---

**3.** Where a petition to open is filed within ten days of the entry of judgment and is accompanied by a proposed answer offering a meritorious defense, the court shall open the judgment. *See Estate of Considine v. Wachovia* *Bank*, 966 A.2d 1148 (Pa.Super.2009). However, in the case *sub judice*, there is no dispute that U.S. Bank failed to file its petition to open within ten days.

counsel was unaware that counsel was to defend U.S. Bank. Wells Fargo's in-house counsel did not have the documentation concerning the registered owner of the property when the Complaint was served and this information was not communicated to the Wells Fargo counsel and counsel for [U.S. Bank] until after the default was entered.

U.S. Bank's brief at 13.

¶ 19 In concluding U.S. Bank did not provide a reasonable excuse or explanation for failing to file a responsive pleading, the trial court stated the following:

> [W]e considered the reasons submitted by Defendant U.S. Bank regarding the delay. Defendant U.S. Bank stated [in its petition to open that] 'due to a clerical error and miscommunication between in-house counsel for defendants, [WFHM] and [PAS], and [U.S. Bank], [U.S. Bank] did not file an answer.' . . . . Guided by the *Schultz*[4] court, we did not find Defendant U.S. Bank's explanation for the delay to be adequate in light of the facts.
>
> Furthermore, we note that the Superior Court of Pennsylvania makes a distinction between corporations and laypersons with regard to opening judgments in *Reid v. Boohar,* 856 A.2d 156 (Pa.Super.2004). The *Reid* court emphasized the fact that the appellant was a layperson and not a corporate defendant with the means to monitor its legal claims. As such, we note that Defendant U.S. Bank is a corporation and not a layperson. Moreover, counsel who ultimately filed the Petition had been made aware by Notice prior to the entry of judgment against Defendant U.S. Bank via certified mail on February 21, 2008, and yet, no action was taken until March 19, 2008.

Trial Court Opinion filed 2/4/09 at 5–6 (footnote added).

¶ 20 We find no abuse of discretion in this regard. *See ABG Promotions, supra.* This Court has held that "where the failure to answer was due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant, the default judgment may be opened." *Flynn v. America West Airlines,* 742 A.2d 695, 699 (Pa.Super.1999) (quotation marks and quotation omitted). *See Hudgins v. Jewel T. Discount Store,* 351 Pa.Super. 329, 505 A.2d 1007 (1986) (holding that where employee sent notice to corporate headquarters, but notice was lost in U.S. mail, a legitimate reason was offered). However, we find that the facts in the case *sub judice* do not amount to an oversight, an unintentional omission, or a mistake as would permit the opening of the default judgment.

¶ 21 The record is clear that Ms. Myers' complaint was served upon U.S. Bank. The complaint clearly listed U.S. Bank as a named defendant. The complaint specifically indicated that U.S. Bank had recorded a sheriff's deed in its name as trustee for Structured Asset Investment Loan Trust 2005–8 for the subject property. Attorney Walters immediately entered an appearance on behalf of Wells Fargo, and its divisions, and filed an answer on their behalf; however, she took no action on behalf of U.S. Bank at this time. After U.S. Bank failed to file an answer to the complaint, Ms. Myers served upon U.S. Bank an Important Notice of intent to enter a default judgment against U.S. Bank. However, U.S. Bank still did not file a responsive pleading and, in fact, took no action until after the default judgment was entered against it. Attorney Walters, who finally entered an appearance on behalf of

---

4. *Schultz v. Erie Insurance Exchange,* 505 Pa. 90, 477 A.2d 471 (1984).

U.S. Bank on the same date she filed U.S. Bank's petition to open, explained there was a relationship between U.S. Bank and Wells Fargo. Specifically, she indicated that U.S. Bank is the trustee for the loan on the subject property and WFHM is the servicer of the loan. However, Attorney Walters explained that, due to Wells Fargo's in-house counsel being unaware that U.S. Bank was the registered owner of the property, Attorney Walters was unaware that she was to undertake a duty to defend U.S. Bank.

¶ 22 We find this is not a reasonable explanation. First, as indicated, Ms. Myers' complaint specifically avers that U.S. Bank, as a trustee, is the record owner of the property by virtue of a sheriff's deed recorded on June 12, 2007. A plain reading of the complaint provided notice to all parties that U.S. Bank, as a trustee, was the registered owner of the property, and therefore, counsel's assertion there was a "miscommunication" of a duty to defend based on Wells Fargo not knowing the identity of the recorded owner of the property is unavailing. Second, there is no explanation as to why U.S. Bank, a sophisticated business, did not engage other counsel to file a responsive pleading when Attorney Walters failed to file such a pleading on its behalf. Therefore, it cannot be said that U.S. Bank was without fault. See Seeger, 836 A.2d at 167 ("Excusable negligence must establish an oversight rather than a deliberate decision not to defend.") (quotation marks and quotation omitted).

¶ 23 With regard to the third prong, the trial court recognized that the prong must be met. See Trial Court Opinion filed 2/4/09 at 3. However, in light of its conclusion U.S. Bank had not met either the first or second prongs, the trial court did not specifically consider whether U.S. Bank had pleaded a meritorious defense to the allegations contained in the complaint. We conclude that, even assuming U.S. Bank pleaded a meritorious defense, the trial court properly denied U.S. Bank's petition to open the default judgment. See US Bank N.A., supra (affirming denial of petition to open even though trial court failed to analyze third prong of meritorious defense since other prongs were not met); McFarland, supra (reversing on the sole basis the trial court erred in concluding the defendant provided a justifiable explanation for failing to respond to complaint in a timely manner); McCoy v. Public Acceptance Corp., 451 Pa. 495, 305 A.2d 698 (1973) (indicating all three factors must be met before default judgment may be opened and having concluded the appellant did not adequately explain the failure to answer the complaint, the trial court was justified in refusing to open the judgment).

¶ 24 For all of the foregoing reasons, we affirm.

¶ 25 Affirmed.

¶ 26 P.J.E. McEWEN files a Concurring Statement.

### CONCURRING STATEMENT BY McEWEN, P.J.E.:

¶ 1 Since the Opinion of my esteemed colleagues reflects such a careful analysis and provides a quite perceptive rationale, I hasten to join in the decision to affirm the ruling of the distinguished Judge Jeffrey L. Finley. I write simply to observe (1) that the default here appears to be a corporate administrative failure and not the fault of Attorney Walters, and (2) that when multiple corporate entities having various shades of interest are parties to an action, they might wisely consider the retention of separate counsel.