J-S30001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WESLEY MARTINEZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENYA NAHEENA LINDSAY AND | : | |
| MYNISHIA N. HAMMOND | : | |
| | : | No. 3307 EDA 2018 |
| | : | |
| APPEAL OF: KENYA NAHEENA | : | |
| LINDSAY | : | |

Appeal from the Order Entered October 31, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  May Term, 2017 No. 002044

| | | |
|---|---|---|
| WESLEY MARTINEZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KENYA NAHEENA LINDSAY AND | : | |
| MYNISHIA N. HAMMOND | : | |
| | : | No. 3528 EDA 2018 |
| Appellant | : | |

Appeal from the Order Entered November 9, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  May Term, 2017 No. 002044

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED OCTOBER 04, 2019**

Appellant, Kenya Lindsay, appeals from the trial court's denial of her *pro se* and counseled motions to open the default judgment entered against her. After careful review, we conclude that the trial court did not abuse its discretion and therefore affirm.

Appellee, Wesley Martinez, claimed that he was driving his motorized scooter when a car driven by Appellant struck him.[1] Appellee served his complaint by posting it at Appellant's last two known addresses after the trial court granted permission for alternate service. Appellant did not file a timely response to Appellee's complaint; accordingly, Appellee entered default judgment against Appellant.

Approximately ten months later, after an arbitration award was entered against her, Appellant filed a *pro se* petition to open the default judgment. She filed a second, counseled petition to open two months later. In both petitions, she argued that she did not have notice of Appellee's complaint, did not understand the legal ramifications of the complaint when she did receive it, and had promptly filed her petition to open after learning of the default judgment.

After a rule to show cause hearing, the trial court found that the record established Appellant had notice of the default judgment at least four months before she filed her first petition to open. On October 31, 2018, the trial court denied the *pro se* petition to open default judgment. On November 9, 2018, the court denied the counseled petition. This timely appeal followed. [2]

---

[1] Mynishia Hammond, also listed as a defendant in the complaint, was also allegedly in the car at the time of the accident. Appellee dismissed his claim against Hammond by stipulation.

[2] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). It issued its opinion on December 13, 2018. *See* Pa.R.A.P. 1925(a).

Appellant raises two questions on appeal:

1. Whether the trial court erred or abused its discretion in denying [Appellant's] petitions to open default judgment where she asserted a meritorious defense, provided a reasonable explanation for her failure to respond and equitable circumstances exist such that default may be opened regardless of the time that may have elapsed between entry of the judgment and filing of the petition to open?

2. Whether the trial court erred or abused its discretion in denying [Appellant's] counseled petition to open default judgment as procedurally defective under Pa.R.C.P. 206.1(b) where this Rule was not raised in opposition to the petition and where such a ruling effectively denied an indigent defendant the benefits of *pro bono* counsel?

Appellant's Brief, at 2-3.

In her first issue, Appellant claims that the trial court abused its discretion when it did not grant her petitions to open default judgment. Specifically, she contends that she asserted a meritorious defense to the action—she was not at the accident; and a reasonable explanation for not responding—she did not know why she received the filings because she was not involved. She argues that the court should excuse her failure to timely petition to open the judgment because she was *pro se* and did not understand why she was receiving the filings. Therefore, she claims that the court abused its discretion in not opening the default judgment. *See* Appellant's Brief, at 10-15. We disagree.

Our standard of review for a petition to open default judgment is well settled.

> A petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error

of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

With regard to the first prong, whether the petition to open was timely filed, we note:

The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timely. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.

\* \* \*

In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month.

**Kelly v. Siuma**, 34 A.3d 86, 91-92 (Pa. Super. 2011) (citations omitted).

With respect to the second prong, this court has held that: "whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case. The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion." **Myers v. Wells Fargo Bank,**

- 4 -

*Nat'l Ass'n*, 986 A.2d 171, 176 (Pa. Super. 2009) (citation and brackets omitted).

Appellant argues that the confluence of non-traditional service and her *pro se* status justify her delayed filings. In contrast, the trial court noted that nine months elapsed between Appellant receiving notice of the entry of default and the filing of her first petition to open. *See* Trial Court Opinion, 12/13/18, at 3. Further, the court found that Appellant had actual notice of the default judgment no later than the date she filed an appeal from the arbitrator's award. *See id.* at 3 n.2. Because she did not file her first petition to open until four months after that date, the court concluded Appellant did not act promptly to preserve her rights. *See id.*

These findings are supported by the record. And the trial court's reasoning is similar to that utilized in cases we have affirmed in the past. *See* *U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1028-29 (Pa. Super. 2017) (observing that prompt filing has generally meant less than one month delay).

Appellant also contends that her *pro se* status, when considered in conjunction with the non-traditional service utilized in this case, provides a reasonable excuse for her delay. However, the trial court concluded that Appellant's *pro se* status did not create equitable circumstances that would excuse her from complying with the procedural rules. This conclusion is neither an error of law or abuse of discretion. *See Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006) (noting that

- 5 -

individuals who choose to represent themselves assume risk that their lack of legal training will cause loss). As a result, we conclude that Appellant's first issue on appeal does not merit relief.

In her second issue, Appellant claims that the trial court erred when it denied her second petition to open default judgment as procedurally improper under Rule of Civil Procedure 206.1(b).[3] She argues that because she is indigent and the second petition is counseled, in the interest of fairness and justice, the trial court should have exercised its discretion to permit raising issues in a second petition. *See* Appellant's Brief, at 15. Appellant has not cited, nor has our research revealed, any authority supporting her proposition that it is an abuse of discretion to apply the procedural requirements of Rule 206.1 to indigent defendants who later obtain *pro bono* counsel.

In any event, it is obvious the trial court would not have granted relief on the counseled petition. The counseled, second petition is more detailed and cogently argued than the first, *pro se* petition. However, the reasoning the court employed in denying Appellant's *pro se* petition applies equally to the allegations and arguments presented in the counseled petition. Ultimately, Appellant cannot overcome the fact that she had actual knowledge of the complaint and default judgment four months before she filed the *pro se* petition. Further, her *pro se* status did not relieve her of her obligation to file

_____

[3] Pennsylvania Rule of Civil Procedure 206.1(b) states that an application to open default judgment "shall specify the relief sought . . . [and a]ll grounds for relief . . . shall be asserted in a single petition." Pa.R.C.P. 206.1(b).

a prompt response to the complaint or a prompt petition to open.  Therefore, Appellant's second issue does not merit relief.

For the aforementioned reasons, Appellant's claims do not merit relief. Accordingly, we affirm the trial court's orders denying her petitions to open.

Orders affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/19