J-A18037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| 441 SMITHFIELD STREET, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| 441 SMITHFIELD PITTSBURGH, LLC | : | |
| | : | |
| Appellant | : | No. 1366 WDA 2021 |

Appeal from the Order Entered October 22, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-20-006100

BEFORE: STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: NOVEMBER 17, 2022**

441 Smithfield Pittsburgh, LLC ("Davio's") appeals from the order denying its petition to open a default judgment. We affirm.

In April 2018, Davio's and 441 Smithfield Street, LLC ("Landlord") entered into a commercial lease agreement ("Lease"). Pursuant to the Lease, Davio's agreed to rent certain property in Pittsburgh from Landlord that was intended to be a restaurant. Davio's has 11 other restaurant locations nationwide, including its flagship restaurant in Boston ("Davio's Boston"). The Lease required Landlord to perform construction to the property prior to Davio's occupancy. Landlord was to complete construction and turn over the property to Davio's by December 1, 2019. The parties subsequently entered into an amendment to the Lease, on October 11, 2018, extending the deadline to turn over the property to December 31, 2020.

Landlord began construction on the property in September 2018, but the work was suspended in March 2020 after the Pennsylvania Governor issued an emergency order closing all non-life-sustaining businesses, including construction businesses, due to the COVID-19 pandemic. As a result, Landlord was prohibited from performing construction on the property. Landlord notified Davio's in writing on March 20, 2020 that it was extending the delivery date of the property. Landlord extended the date pursuant to a clause in the Lease that permitted extensions in response to "governmental restrictions," such as the Governor's order. Davio's did not respond to this notification. Landlord sent Davio's a second letter, on March 30, 2020, indicating that it would treat Davio's silence as acceptance of the extended delivery date. Landlord also stated that it would provide a new delivery date when the emergency order allowed construction to resume.

Approximately a month and a half later, on May 8, 2020, Landlord advised Davio's that the amended emergency order now permitted construction to resume and the new delivery date would be February 15, 2021. According to Landlord, Davio's representative, Paul Carter, phoned Landlord and stated that Davio's refused to accept the revised delivery date and demanded that the rent terms of the Lease be renegotiated. Landlord considered Carter's statements a refusal to perform and thus, a breach of the Lease. Davio's, however, contends that Carter had no authority to renegotiate the Lease and was never instructed to request changes to the Lease.

Landlord informed Davio's in writing, on May 13, 2020, that it was in breach. According to Landlord, Davio's principal, Steve DeFillippo, responded by contacting Landlord and stating that Davio's would not proceed under the terms of the Lease. DeFillippo denies that he repudiated the Lease but rather stated that he did not know if he would be able to stay in the restaurant business given the uncertainty of the pandemic.

Landlord filed a complaint against Davio's on May 26, 2020, alleging, *inter alia*, breach of contract. Landlord served Davio's registered agent for service of legal process, Corporation Service Company ("CSC"), in Harrisburg, Pennsylvania. CSC accepted service. Davio's filed no responsive pleading. Landlord served CSC on July 1, 2020, with a ten-day notice of default. Davio's again did not respond. As a result, the Prothonotary entered a default judgment against Davio's, on July 13, 2020.

Eighteen days later, on July 31, 2020, Davio's filed a petition to open the default judgment. Davio's admitted that Landlord had served the complaint on CSC on June 4, 2020, but stated it did not receive actual notice of the lawsuit until July 29, 2020. Davio's contended that on June 10, 2020, CSC had forwarded the complaint to Davio's flagship restaurant, Davio's Boston. However, FedEx returned the package as undeliverable, on June 26, 2020, because Davio's Boston was closed due to the pandemic, and after late March 2020, no one was going into the restaurant for any purpose. CSC re-sent the package a second time to Davio's Boston on June 29, 2020, but again, it was returned as undeliverable, on July 30, 2020. DeFillippo contends that

he first learned of this lawsuit on July 29, 2020, via an email from Landlord's attorney, and filed the petition to open two days later.

Landlord filed a response to the petition to open, and the court issued a rule to show cause providing the parties with 60 days to conduct discovery on the petition. On October 22, 2021, the court denied the petition. This appeal followed. Davio's raises the following issues for our review:

1. Whether the trial court abused its discretion or committed an error of law when it failed to utilize equitable principles, based on considerations of what would be in the best interests of justice, when it failed to grant Davio's [] Petition to Open Judgment, where the record is clear that: (1) through no fault of its own, Davio's [] did not receive timely notice of the underlying lawsuit; (2) Davio's [] immediately filed the Petition upon discovering that it was in default; (3) where the Pennsylvania Courts, through administrative orders, admonished parties not to attempt to use the pandemic to gain an unfair advantage in litigation; and (4) Davio's [] asserted meritorious defenses to the underlying action when its business operations were shut down for several months by the worldwide COVID-19 pandemic?

2. Whether the trial court abused its discretion or committed an error of law in refusing to grant Davio's [] Petition to Open Judgment, where: (1) the Petition to Open was promptly filed; (2) the Petition established that Davio's [] had a reasonable excuse for not timely filing an answer to the Complaint; and (3) the Petition established that Davio's [] had a meritorious defense to the claims set forth in the Complaint?

Davio's' Br. at 2-3.

Davio's' issues are interrelated and we will address them together. Davio's does not dispute that Landlord served the complaint on CSC, its registered agent for service of process. Davio's' Br. at 17. However, it argues

that its failure to timely respond to the complaint was the direct result of the massive disruptions caused by the pandemic-related government shutdowns. *Id.* at 24. Davio's maintains it did not respond because its flagship restaurant, Davio's Boston, was closed and was not receiving mail due to the pandemic. *Id.* at 33. Davio's suggests that even if it could be said that Davio's was somehow negligent, such negligence is excusable because it was an oversight and not a deliberate decision not to defend the lawsuit. *Id.* at 39.

Davio's also argues that it set forth a meritorious defense to the complaint. It notes that Landlord's entire theory for default against Davio's is based on the concept of anticipatory repudiation of the Lease, but Davio's specifically denied in its answer that it had repudiated the Lease. *Id.* at 41. Moreover, Davio's maintains that even if it could be said that the Lease was repudiated, the pandemic caused DeFillippo's restaurant business to be shutdown, which impacted his ability to comply with the terms of the Lease. *Id.* at 25, 43. According to Davio's, the trial court should have found that the equities weighed in favor of opening the default judgment. *Id.* at 26, 30.

We review an order ruling on a petition to open a default judgment for "manifest abuse of discretion or error of law." *Smith v. Morrell Beer Distribs., Inc.*, 29 A.3d 23, 25 (Pa.Super. 2011) (citation omitted). A default judgment may be opened when the moving party has: "(1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Myers v.*

*Wells Fargo Bank, N.A.*, 986 A.2d 171, 175-76 (Pa.Super. 2009). The failure to satisfy any one prong of this test will result in denial of the petition to open. *U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1028 (Pa.Super. 2017).

The court found that Davio's promptly petitioned to open the default judgment but had failed to adequately allege a meritorious defense or a reasonable excuse. The court determined that Davio's baldly asserted that the pandemic rendered performance of the Lease impossible or impractical, but it failed to show precise, specific, and clear facts as to how the pandemic did so. Trial Court Opinion, filed 12/14/21, at 2-3. The court also rejected Davio's' argument that it should be excused for not responding to the complaint because the address that it had provided to its agent was closed for business during the pandemic. The court reasoned that "[t]o the extent that [Davio's] did not bother to pick up its mail at its closed restaurant and/or to the extent that [it] failed to give its own agent a workable address, [Davio's] is directly to blame for not learning of the lawsuit in time to respond." *Id.* at 3.

We discern no abuse of discretion. Davio's failed to offer a reasonable excuse for its inaction. Although Davio's designated CSC as its registered agent for service of legal process in Pennsylvania, it failed to provide CSC with an alternative mailing address to forward legal claims after Davio's Boston's closure. Indeed, the relevant events here occurred almost three months after Davio's Boston closed. Davio's is a corporate entity, not a layperson, and should have had in place the means to monitor its legal claims. *See Kelly v.*

- 6 -

*Siuma*, 34 A.3d 86, 94 (Pa.Super. 2011); *Myers*, 986 A.2d at 177. Davio's should have been aware in that time that Davio's Boston's closure meant that it was not receiving mail there and it should have put an alternative way to receive mail in its place.

Davio's relies on *Campbell v. Heilman Homes, Inc.*, 335 A.2d 371 (Pa.Super. 1975), for the proposition that a default judgment may be opened where the failure to answer was due to an oversight or an unintentional omission to act. *See* Davio's' Br. at 33. In *Campbell*, the plaintiffs purchased a mobile home from the defendant and later claimed it was defective. The plaintiffs properly served the complaint upon defendant's employee. However, the employee failed to follow the company's procedures and never relayed the complaint to the main office. The employee was not reporting for work as scheduled, leading to his ultimate discharge. It was not until his replacement examined the files in the sales office and found the complaint that it was forwarded to defendant's main office. In reversing the trial court's denial of the petition to open, the Court noted that although service was procedurally proper, defendant's failure to respond to the complaint was an unintentional omission, not unlike a clerical error, due to the inattentiveness of an employee. *Campbell*, 335 A.2d at 373.

Here, Davio's' failure to arrange proper procedures to monitor its legal claims did not amount to a mere clerical error by a negligent employee. Rather, here, Davio's as a whole failed to put in place adequate systems for it to receive notifications from its registered agent for service of process. While

we recognize the challenges the restaurant industry faced during the pandemic shutdown, we cannot say the trial court abused its discretion in determining that Davio's, a sophisticated business, bears fault for failing to provide CSC with a workable address. Since we find that Davio's' arguments regarding the "reasonable excuse" prong fails, we do not address its arguments regarding the "meritorious defense" prong. *See Myers*, 986 A.2d at 178.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2022